[Cite as *Capital One NA v. Legend*, 2026-Ohio-3042.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CAPITAL ONE NA | : | |
| | : | C.A. No. 30757 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 CV 05304 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| ANTHONY D. LEGEND | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 7, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_Christopher B. Epley_

_____
CHRISTOPHER B. EPLEY, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

ANTHONY D. LEGEND, Appellant, Pro Se
AMY CLUM HOLBROOK, Attorney for Appellee

EPLEY, J.

{¶ 1} Anthony Legend appeals from a judgment of the Montgomery County Common Pleas Court granting summary judgment in favor of Capital One NA. Legend asserts that the trial court erred by accepting the affidavits and documentation submitted by Capital One as competent evidence in support of its motion for summary judgment. For the following reasons, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} On September 22, 2025, Capital One filed a complaint against Legend, seeking a monetary judgment for Legend's unpaid credit card account. Capital One requested that Legend be ordered to pay $10,198.45 with interest accruing from the date of judgment at 8% per annum. On October 6, 2025, Legend filed a motion to dismiss the complaint, which the trial court denied on December 18, 2025. Capital One filed its first motion for summary judgment on November 3, 2025, but withdrew the motion on December 8, 2025, before the trial court issued its ruling.

{¶ 3} The same day Capital One withdrew its motion, it filed its second motion for summary judgment, arguing that there was no genuine issue of material fact as to whether Legend owned the account, was bound by the terms of the cardmember agreement, and defaulted on those terms by failing to make the required payments on the account. In support, Capital One attached the affidavit of Capital One's litigation support coordinator, as well as account statements and the cardmember agreement.

**{¶ 4}** On January 5, 2026, Legend filed a motion to strike, arguing that the affidavit in support of Capital One's motion for summary judgment was insufficient and that the affiant's statements were not based on personal knowledge. Additionally, on January 6, 2026, Legend filed his response to Capital One's motion for summary judgment, reiterating his assertion that the affidavit failed to comply with Civ.R. 56.

**{¶ 5}** On January 8, 2026, the trial court overruled Legend's motion to strike, finding that the affidavit and the evidentiary materials attached to Capital One's motion for summary judgment complied with Civ.R. 56. The trial court granted Capital One's motion for summary judgment on January 22, 2026. Legend now appeals, raising one assignment of error.

## II. Evidence in Support of Capital One's Motion for Summary Judgment

**{¶ 6}** In Legend's assignment of error, he asserts that the trial court erred when it treated Capital One's affidavit and attachments in support of its motion for summary judgment as competent evidence and granted summary judgment to Capital One. We review the trial court's ruling on a motion for summary judgment de novo. *Trinity Financial Services v. Unknown Heirs of King*, 2024-Ohio-2377, ¶ 37 (2d Dist.). De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial.

**{¶ 7}** Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Trinity Financial Services* at ¶ 35. The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Id*. To this end, the movant must be

3

able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Id.* The substantive law of the claim or claims being litigated determines whether a fact is "material." *Id*.

{¶ 8} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Id.* at ¶ 36. Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 9} According to Civ.R. 56(C), the only types of evidence that may be considered in rendering summary judgment are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and any written stipulations of fact." Civ.R. 56(C); *U.S. Bank Natl. Assn. v. Higgins*, 2012-Ohio-4086, ¶ 13 (2d Dist.). However, other types of documents that are not specifically listed in the rule may be introduced as evidentiary material through incorporation by reference in a properly framed affidavit. *Id.* Further, Civ.R. 56(E) states that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶ 10} Legend asserts that the affiant of Capital One's summary judgment affidavit, Lauren Jones, made statements that were not based on her personal knowledge. However, in the affidavit, Jones stated that she was a litigation support coordinator for Capital One and was responsible for "interacting with Discover Card account holders to accept payments

4

and perform other servicing activities on Discover Card accounts." She indicated that her statements were "made on the basis of [her] personal knowledge, as well as [her] review of documents held by Capital One, N.A. Successor by Merger to Discover Bank." Jones averred that she had "knowledge regarding, and access to, records regarding the account number ending in 1871. Capital One, N.A. Successor by Merger to Discover Bank maintains these records in ordinary course of its business, and the records are updated with information on events (such as charges and payments on the account) by individuals with personal knowledge of those events or by automated processes that track such events at or near the time that the events occur." Jones's averments were sufficient to demonstrate personal knowledge of the facts stated in her affidavit.

{¶ 11} Several documents were authenticated in Jones's affidavit and submitted with the motion for summary judgment. Those exhibits established that Legend had an account with Capital One, that he had an outstanding balance of $10,198.45 on that account, and that he was in default as to the payments on his account.

{¶ 12} Legend failed to offer any evidence or documentation to contradict the evidence presented by Capital One. Although he disagreed with the trial court's ruling that Capital One's affidavit should not be stricken, the burden still shifted to Legend to present rebuttal evidence in response to Capital One's motion for summary judgment. He did not present any such evidence and, instead, merely reiterated the arguments he raised in his motion to strike. Legend's response to the motion for summary judgment was insufficient to meet his reciprocal burden under Civ.R. 56.

{¶ 13} Accordingly, Capital One's affidavit and supporting documents were competent evidence under Civ.R. 56, and Legend failed to meet his burden to present evidence that a genuine issue of material fact remained for trial.

5

{¶ 14} Legend's assignment of error is overruled.

### III. Conclusion

{¶ 15} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.